UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                      99-CR-6072L

        v.

ART WILLIAMS, a/k/a "Boo-Boo,"
ROLAND ONAGHINOR,

                      Defendants.
_____

      On March 2, 2005, the United States Court of Appeals for the Second Circuit remanded this case to this Court to consider whether to resentence the defendants pursuant to principles enunciated in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Subsequent to the Order of Remand, I directed the counsel for the defendants and the Government to submit sentencing memoranda on the issue and both defendants and the Government have done so.

      After both defendants were convicted after a jury trial, I sentenced defendant Williams on March 10, 2003 principally to 216 months imprisonment on Count 1 and 48 months on each of Counts 2 through 14, to run concurrently with the sentence on Count 1. I sentenced the defendant Onaghinor principally to a term of 78 months on May 30, 2002 for conspiracy to distribute heroin.

Defendants appealed from the Judgment and Commitment and the Second Circuit affirmed both convictions in an opinion filed October 5, 2004 (385 F.3d 127), but the mandate was withheld pending the Supreme Court's decision in the then-pending case of *United States v. Booker*, 125 S. Ct. 738 (2005).

I am, of course, familiar with the *Booker* and *Crosby* decisions. I am also familiar with the jury trial and prior sentencing proceedings in both cases. I have reviewed the memoranda submitted by counsel on the *Crosby* issues as well as the presentence reports submitted at the original sentences. I have also considered all the sentencing factors listed at 18 U.S.C. § 3553(a).

**Art Williams**

As referenced above, Williams was sentenced principally to 216 months imprisonment on Count 1 and 48 months on the remaining counts to run concurrent. Williams seeks resentencing and requests that the Court do so without making any enhancement for role-in-the-offense or obstruction of justice. At the original sentencing hearing, I denied the Government's motion for a four-point enhancement but did find Williams to be a manager or supervisor and imposed a three-point enhancement. I also determined that Williams obstructed justice based on the several letters that he wrote to co-defendants.

Williams appealed and challenged the two-point enhancement for obstruction of justice. The Second Circuit discussed this issue at some length and determined that the Court had a proper basis to impose the enhancement.

I understand that the Sentencing Guidelines are now advisory and that the Court must consider them and impose a reasonable sentence after considering all the factors listed at 18 U.S.C. § 3553(a). If the sentencing were to occur today in light of the new sentencing regime in effect since the *Booker* Supreme Court case, I would make the same findings as to the Guidelines and impose the same sentence. I believe that the proof at trial demonstrated that Williams did have a significant role in the offense and that he was a manager or supervisor over others in the operation. The Court could well have imposed a four-point enhancement, but declined to do so giving Williams the benefit of doubt. It is clear, though, that Williams did have a managerial role. As for the obstruction of justice enhancement, for the reasons stated by me when I imposed sentence and for the reasons set forth in the Second Circuit's decision, I believe that enhancement is appropriate as well and would impose it now if I were sentencing Williams in the first instance.

In sum, I see no reason to order a resentencing in this case since if we were do so, my sentence would be the same and would not be affected by the fact the Sentencing Guidelines are now advisory and not mandatory.

**Roland Onaghinor**

At the original sentencing, I accepted the Probation Department's recommendation that a two-point enhancement should apply under Sentencing Guidelines § 3C1.1 for obstruction of justice based on Onaghinor's perjury at trial. At the original sentencing hearing, I discussed the basis for my decision in some detail. Now, on remand, Onaghinor requests that I resentence him to a term without making the two-point enhancement for obstruction of justice. I decline that invitation. Even

if the sentence were to be imposed today, at a time when the Sentencing Guidelines are deemed to be advisory and not mandatory, the proof at trial was such that I would still make an enhancement, as recommended by the Probation Department, for perjury at trial. Whether the Guidelines were mandatory or advisory, it would make no difference in determining what the appropriate reasonable sentence should be. Therefore, I decline to resentence Roland Onaghinor and believe that the original sentence was proper and is a reasonable sentence under the Sentencing Guidelines and § 3553(a).

## CONCLUSION

I have reviewed the sentences imposed in both cases under the principles enunciated in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). I decline to order resentencing as to either defendant. The fact that the Sentencing Guidelines are now deemed to be advisory and not mandatory would not now affect the originally imposed sentences in any respect. The sentences imposed originally would be imposed again today for the reasons set forth by the Court when the sentences were originally imposed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 24, 2005.