UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                              Plaintiff,

                                                                                               DECISION AND ORDER

                                                                                                99-CR-6072L
                                                                                                09-CV-6021L

                    v.

ART WILLIAMS, a/k/a "Boo-Boo,"


                                             Defendant.
_____

Defendant, Art Williams ("Williams"), has had two proceedings before the United States Court of Appeals for the Second Circuit in connection with his conviction of a narcotics offense after a jury trial in this court. The Second Circuit affirmed this Court's decisions in both instances.

Williams is now before this Court having filed a *pro se* motion to vacate the Judgment and Commitment, pursuant to 28 U.S.C. § 2255. That motion is hereby denied, and the case dismissed.

I originally sentenced Williams after the jury verdict, in March 2003, principally to 216 months imprisonment. Thereafter, the Second Circuit Court of Appeals affirmed the Judgment and Conviction (385 F.3d 127) but withheld the Mandate pending the United States Supreme Court's decision in *United States v. Booker,* 125 S. Ct. 738 (2005). After the *Booker* decision was issued, the Second Circuit remanded Williams' case to this Court to consider whether to resentence him

according to principles enunciated by the Second Circuit in *United States v. Crosby,* 397 F.3d 103 (2005). On the remand, I issued a Decision and Order declining to resentence Williams. That decision, published at 383 F.Supp.2d 426, was affirmed by the Second Circuit in an opinion published at 475 F.3d 468 (2007).

Williams raises several issues in his motion relating to the trial and the actions of his appellate lawyer. I agree with the Government that the four issues made here relating to the trial were all raised by Williams and decided by this Court at either pretrial or post trial proceedings. These matters were decided and either were or could have been raised at the two direct appeals to the Second Circuit. A proceeding pursuant to § 2255 is not designed to be a substitute for direct appeal. Nothing new has been advanced here that warrants re-examination of issues already resolved.

Williams final claim is ineffective assistance of appellate counsel. That claim also fails. The United States Supreme Court decided the standards for determining ineffective-of-assistance claims in *Strickland v. Washington,* 466 U.S. 668 (1984). The burden is a heavy one because the law does presume that counsel's conduct falls within the wide range of reasonable professional assistance. To establish ineffective assistance of counsel, a defendant must establish that counsel's conduct fell outside the wide range of professional competence and that such deficient performance prejudiced the defendant. Williams can meet neither prong of this test. Arguments were advanced by appellate counsel on both Williams' appeals to the Second Circuit. Williams has failed to demonstrate that appellate counsel failed to advance significant and important issues. The arguments made by appellate counsel were sound and received a full hearing before the Second Circuit. Because of the

nature of those arguments, the Second Circuit issued two written decisions on the matters raised.

In sum, none of the matters raised by Williams here constitutes ineffective assistance of counsel.

## CONCLUSION

The *pro se* motion of defendant Art Williams for relief pursuant to 28 U.S.C. § 2255 is in all respects denied and the proceeding dismissed.

Because Williams has failed to make a substantial showing of any constitutional violation, I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 18, 2010.